UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DUSTIN ANTHONY MENARD,

        Petitioner,                  Case No. 1:19-cv-384

v.                                          Honorable Janet T. Neff

GREGORY SKIPPER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

### I.  Factual Allegations

When he filed this action, Petitioner Dustin Anthony Menard was incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan. Following a jury trial in the Delta County Circuit Court, Petitioner was convicted of third-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520d(1)(b). On December 7, 2016, the court sentenced Petitioner as a habitual offender, Mich. Comp. Laws § 769.12, to 7 to 25 years in prison.

Petitioner filed his habeas corpus petition in this case on or about April 30, 2019. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on April 30, 2019. (Pet., ECF No. 1, PageID.3.) The petition was received by the Court on May 15, 2019. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

### II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals affirmed the trial court's judgment on November 3, 2015. On October 5, 2016, the Michigan Supreme Court affirmed the conviction but remanded the matter to the trial court for resentencing under *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015).

The trial court reissued its sentence on December 7, 2016. Petitioner appealed that decision. The Michigan Court of Appeals affirmed his sentence on February 13, 2018. Petitioner did not appeal that decision to the Michigan Supreme Court, but his judgment became final on the last day in which he could have done so. Where a petitioner has failed to pursue an avenue of

appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Petitioner had 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Consequently, his judgment of conviction and sentence became final on April 10, 2018.

Under 28 U.S.C. § 2244(d)(1)(A), Petitioner had one year from April 10, 2018, to file his habeas application. Petitioner filed his application on April 30, 2019. Obviously, he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). There is no indication that Petitioner has filed a post-conviction motion in state court that would toll the statute of limitations. Prisoners in Michigan can file one motion for relief from judgment in state court, but it does not appear that Petitioner has done so. Indeed, he has a filed a motion to stay this action (ECF No. 3), asking the Court to

give him an opportunity to present unexhausted claims to the state court in a motion for relief from judgment. The motion to stay implies that he has not filed a motion for relief from judgment. Thus, it does not appear that he is eligible for statutory tolling under § 2244(d)(2).

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, on the record before the Court, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred. Accordingly, I recommend that it be dismissed.

I further recommend that his motion to stay (ECF No. 3) be denied. If his petition is untimely, then he is not eligible for habeas relief and there is no reason to stay this action. Moreover, if he has not already filed a motion for relief from judgment in state court, filing such a motion will not make his petition timely. A motion for relief from judgment can delay the running of the statute of limitations, but it cannot "restart" a limitations period that has already run. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that Petitioner's motion for a stay (ECF No. 3) be denied.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

Dated:  July 10, 2019                           /s/ Ellen S. Carmody
                                                Ellen S. Carmody
                                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).